**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4009**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT CHRISTIANSEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:17-cr-00677-MBS-1)

Submitted:  October 31, 2019                    Decided:  November 8, 2019

Before GREGORY, Chief Judge, and THACKER and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard W. Anderson III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, James Hunter May, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his plea of guilty, Robert Christiansen appeals his conviction and sentence for attempted enticement of a minor to engage in illegal sexual acts, in violation of 18 U.S.C. § 2422(b) (2012), and transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (2012). On appeal, Christiansen claims that the district court erred by accepting his waiver of a competency hearing and, in the alterative, that the district court should have conducted a competency hearing sua sponte. Christiansen also challenges the reasonableness of his 240-month sentence, arguing that the district court erred in overruling his objection to the denial of an adjustment for acceptance of responsibility and in imposing a substantial upward variance. Finding no merit to Christiansen's arguments, we affirm.

The conviction of a defendant when he is legally incompetent is a violation of due process, and Congress has safeguarded this right by providing that trial courts conduct competency hearings. *Beck v. Angelone*, 261 F.3d 377, 387 (4th Cir. 2001); *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995). When neither party moves for a competency hearing, the district court:

> shall order such a hearing on its own motion[ ] if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (2012). The hearing may be ordered at any time after the commencement of the prosecution or prior to sentencing. *Id.* In addition, "[p]rior to the

2

date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted." 18 U.S.C. § 4244(b) (2012).

"In determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor . . ., and medical opinions concerning the defendant's competence." *Mason*, 52 F.3d at 1290. We have recognized, however, that "there are no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed." *United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted). To prevail on a claim that the district court erred in failing to order a competency hearing, the defendant must establish that the court "ignored facts raising a bona fide doubt regarding his competency." *Id*. (alteration and internal quotation marks omitted).

We review for abuse of discretion a district court's failure to order sua sponte a competency hearing. *United States v. Banks*, 482 F.3d 733, 742 (4th Cir. 2007). Under this standard, we "may not substitute [our] judgment for that of the district court; rather, we must determine whether the [district] court's exercise of discretion, considering the law and the facts, was arbitrary or capricious." *Id*. at 742-43 (internal quotation marks omitted).

Because Christiansen did not object below to the district court's acceptance of his waiver of a competency hearing, the matter is subject to plain error review. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993) (stating standard for plain error review). To prevail, Christiansen must show "error that is plain and that affects substantial rights." *Olano*, 507 U.S. at 732 (alteration and internal quotation marks

3

omitted).  We will not correct a plain error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id*. (alteration and internal quotation marks omitted).  Our review of the record, which includes a detailed psychological report finding Christiansen competent and the transcripts of a thorough Fed. R. Crim. P. 11 hearing, leads us to conclude that Christiansen cannot demonstrate that the district court plainly erred and affected his substantial rights by accepting his waiver of a competency hearing.  As for the district court's failure to order sua sponte a competency hearing, we find no abuse of discretion because Christiansen's behavior at sentencing did not raise a bona fide doubt regarding his competency.

Turning to Christiansen's sentence, we review all criminal sentences, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017).  Our review requires consideration of both the procedural and substantive reasonableness of the sentence.  *Gall*, 552 U.S. at 51.  In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence.  *Id*. at 49-51.  Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances."  *Id*. at 51.

4

If the defendant did not argue for a sentence different than the one imposed, our review is for plain error. *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). But if a party asserts on appeal a claim of procedural sentencing error that it preserved before the district court, we review for abuse of discretion and will reverse unless we conclude that the error was harmless. *Id.* at 576. In evaluating a challenge to the district court's computation of a defendant's Sentencing Guidelines range, we review for clear error the underlying factual determinations made by the district court and review de novo its relevant legal conclusions. *See United States v. Alvarado Perez*, 609 F.3d 609, 612 (4th Cir. 2010).

In determining whether the imposed sentence is substantively reasonable, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). In this posture, even if we "might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id*. (alterations and internal quotation marks omitted).

5

With these standards in mind, we have reviewed the parties' briefs and the record. We conclude that Christiansen's sentence is both procedurally and substantively reasonable. The district court did not plainly err by failing to order a competency hearing before declining to apply an adjustment for acceptance of responsibility. Furthermore, the court properly considered the relevant § 3553(a) sentencing factors and explained its reasoning in determining that an upward variance was appropriate.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*